Frank A. **CARTER**, Jr., **Chief Disciplinary Counsel**

v.

William J. **PEOTROWSKI**.

No. 82–450–M.P.

Supreme Court of Rhode Island.

Nov. 17, 1982.

Frank A. Carter, Jr., Providence, pro se.

Eugene F. Toro, Providence, for respondent.

## OPINION

PER CURIAM.

On October 15, 1982, the respondent, William J. Peotrowski, through his counsel, appeared before this court on an order to show cause why he should not be disbarred from the practice of law in the courts of this state. The order and hearing were prompted by the respondent's conviction in the Superior Court after pleas of nolo contendere to eight charges of obtaining money under false pretenses and uttering and publishing. He was sentenced to the Adult Correctional Institutions for a period of three years: the first year was to be served, the remaining two years were suspended, and concurrent periods of probation were imposed thereafter.

Supreme Court Rule 43 reads as follows:

An attorney admitted to practice in this state who is convicted in a court of record of a crime which is punishable by imprisonment for more than one year in this or any other jurisdiction, may, in lieu of or in advance of proceedings pursuant to Rule 42, be ordered to appear before the court to show cause why his admission to the bar should not be revoked or suspended."

The actions of respondent giving rise to the criminal charges involved the settling of a client's negligence claim with an insurance company without the knowledge, approval, or authorization of the client. Also, respondent misrepresented himself as attorney for claimants of abandoned funds that had been turned over to the General Treasurer of the State of Rhode Island in accordance with G.L.1956 (1969 Reenactment) chapter 21 of title 33, which funds he obtained and converted to his own use.

On September 20, 1982, the disciplinary board for this court rendered its decision pursuant to Rule 42–6(b) wherein the board, after hearing, determined that respondent was guilty of violating certain provisions of the Code of Professional Responsibility by acts involving violations of the law and canons of professional ethics. Each of these offenses involve moral turpitude and are absolutely contrary to the public interest. They discredit the moral fitness of an attorney to practice law.

In view of the foregoing, we conclude that the only appropriate disposition of this case is to order the disbarment of the respondent. In doing so, we again emphasize that conduct that falls below the standards of honesty and integrity required of all attorneys will not be tolerated.

Therefore, it is ordered that William J. Peotrowski be disbarred from the practice of law in this state.