**Frank A. CARTER, Jr., Chief Disciplinary Counsel**

v.

**William J. PEOTROWSKI, Jr.**

**No. 82–450–M.P.**

Supreme Court of Rhode Island.

Jan. 29, 1990.

Frank A. Carter, Jr., Chief Disciplinary Counsel, pro se.

John H. Ruginski, Jr., Shapiro, Colangelo & Calise, Pawtucket, for applicant.

Before FAY, C.J., and KELLEHER, WEISBERGER, MURRAY and SHEA, JJ.

OPINION

PER CURIAM.

On November 17, 1982, the applicant, William J. Peotrowski, Jr., was disbarred from the practice of law by this court. *Carter v. Peotrowski,* 452 A.2d 632 (R.I. 1982). This disbarment occurred after he had entered pleas of nolo contendere in the Superior Court to charges of obtaining money under false pretenses and uttering and publishing. He was sentenced to prison on those charges, and our disbarment order was issued pursuant to Supreme Court Rule 43.

On December 18, 1987, applicant, through counsel, filed in this court a petition for reinstatement to practice law. In the petition, he asserted that since his disbarment, he had faithfully and carefully obeyed and followed all requirements of this court and had not been involved either directly or indirectly in the practice of law or any act that might be considered the same and that he had not derived any financial gain from the practice of law during the period of his disbarment.

We delivered the petition for reinstatement to the Disciplinary Board of the Supreme Court, directing that it hold hearings on the application for reinstatement and also any pending complaints of professional misconduct against applicant.

Three pending complaints were heard by the board. In each case the board found that applicant had violated the Code of Professional Responsibility. In the first case considered the board found that he had neglected a matter entrusted to him. In the second case he had appropriated money to his own use that belonged to his client. In the third case the board found that he had withheld money that a client claimed was hers. The record indicates that three years later, in an effort to exonerate himself, he attempted to have the client sign a general release of any liability the applicant had to the client.

The board then considered the petition for reinstatement. After hearings, the board found that following his disbarment, applicant had engaged in the unlawful practice of the law, had misrepresented facts to deceive the courts, and had not testified honestly before the hearing panel. The board concluded that applicant had used the name of a fictitious or deceased person who was purported to have given powers of attorney to applicant in connection with petitions filed in the courts involving real estate transactions.

The board heard testimony from other attorneys, a paralegal assistant, a realtor and others. The board concluded that since his disbarment on November 17, 1982, applicant had violated Supreme Court Rule 42–16 [1] by engaging in the practice of law. The board found that applicant's actions also constituted misconduct in violation of Disciplinary Rule 1–102(A)(4),[2] which provided that "[a] Lawyer shall not * * * [e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

The Board found that applicant attempted to hide his activities by acting as an agent for various individuals under the powers of attorney and assignments of interest he had prepared. He claimed the status of an undisclosed principal in transactions and then tried to claim the attorney-client privilege on behalf of others for whom he was allegedly attorney-in-fact. The board found that "[petitioner] is intelligent, knowledgeable and imaginative. Re-

grettably, however, he is not honest." Further the board concluded that the applicant's readmission would be detrimental to the integrity of the bar and to the public interest.

The board, in its recommendation to the court advised that not only the application be denied, but also urged that applicant never be allowed to practice law again.

In our opinion ordering this applicant's disbarment, we stated that "conduct that falls below the standards of honesty and integrity required of all attorneys will not be tolerated." *Carter v. Peotrowski*, 452 A.2d at 633. It is apparent that this applicant has learned nothing from his experience and, unchanged, seeks our permission to return to the practice of law. Mindful of our duty to the public we cannot permit this.

For all these reasons, the application for readmission is denied. On the recommendation of the board the applicant will not be directed to pay the necessary expenses incurred in the investigation and processing of his petition for reinstatement as is allowed under Supreme Court Rule 42–16(d).

1. Supreme Court Rule 42–16 reads in part:
   "(a) No attorney suspended or disbarred may resume practice until reinstated by order of this court as provided in this rule.
   "(b) A person who has been disbarred after hearing or by consent may not apply for reinstatement until the expiration of at least five (5) years from the effective date of the disbarment.
   \* \* \* \* \* \*
   "(e) This court in its discretion may direct that the necessary expenses incurred in the investigation and processing of a Petition for

Reinstatement be paid by the respondent-attorney."

2. The New Rules of Professional Conduct replaced the Code of Professional Responsibility, effective November 15, 1988. Our order giving effect to the new rules also provided that any procedures instituted pursuant to Rule 42 of the Supreme Court Rules where the alleged act or omission occurred prior to November 15, 1988, were governed by the standards set forth in the Code of Professional Responsibility.