**In re Salvatore L. ROMANO, Jr.**

**No. 91–158–M.P.**

Supreme Court of Rhode Island.

Nov. 4, 1992.

Julius Michaelso, Providence, for petitioner.

Mary A. Lisi, Chief Disciplinary Counsel, for respondent.

## OPINION

### PER CURIAM.

The petitioner has filed his petition for reinstatement to the practice of law pursuant to Rule 42–16 of the Supreme Court Rules. Salvatore L. Romano, Jr., was suspended pending appeal from his conviction of four felonies: receiving stolen goods, injury to communication lines, conspiracy, and perjury. All four offenses arose out of the attempted burglary and theft of precious metals having a value in excess of $1 million from the Vennerbeck and Clase, Inc. manufacturing plant in Lincoln, Rhode Island. This court affirmed the judgment of conviction. *State v. Romano*, 456 A.2d 746 (R.I.1983). The petitioner was sentenced to the Adult Correctional Institutions for a period of five years. He began serving his sentence on April 18, 1983, and was paroled on January 11, 1985.

On October 21, 1985, petitioner was disbarred. We noted that the crimes of which petitioner had been convicted "involve moral turpitude and undermine the confidence of the public in the bar." *Carter v. Romano*, 499 A.2d 749, 749 (R.I.1985).

On November 22, 1991, petitioner appeared before this court with counsel pursuant to Rule 42–16(c) asking for reinstatement of his license to practice law. The rule provides in pertinent part:

"[T]he respondent-attorney shall have the burden of demonstrating by clear and convincing evidence that he or she has the moral qualifications, competency and learning in law required for admission to practice law in this state and that his or her resumption of the practice of law within the state will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest."

In *Grievance Administrator v. August*, 438 Mich. 296, 313–14, 475 N.W.2d 256, 264 (1991), the Supreme Court of Michigan held that

"the nature of the offense and the time elapsed since its commission and since disbarment are relevant and important considerations in determining whether a disbarred attorney should be recommended to the position of public trust that is held by members of the Michigan State Bar. Moreover, an attorney may be denied readmission on the grounds that sufficient time has not passed to determine the present fitness of the applicant for readmission."

██ The petitioner stands convicted of several felonies, including perjury before the Superior Court in a case that gained a high degree of notoriety owing in part to his standing as an attorney and as counsel to the Senate Judiciary Committee at the time of the offenses. In circumstances as here, in which an attorney has engaged in a repeated or calculated series of acts designed to corrupt the administration of justice, the showing of present fitness may require a lengthier period of rehabilitation. *August*, 438 Mich. at 310, 475 N.W.2d at 263. The five-year bar to applying for reinstatement provided for in Rule 42–16(b) is the minimum period in which rehabilitation may occur following disbarment. *See id.*

██ Having considered the representations of the petitioner and having observed his demeanor, we are not impressed with his demonstration of remorse. We find that he has not sustained his burden as set forth in our Rule 42–16(c).

For the reasons stated, the petition for reinstatement of Salvatore L. Romano, Jr., is denied without prejudice to his reapplying at a later time, no earlier than one year from the date of this opinion.