### In the Matter of William J. PEOTROWSKI, Jr.

### No. 97–449–M.P.

Supreme Court of Rhode Island.

March 4, 1998.

David D. Curtin, Chief Disciplinary Counsel, for Petitioner.

William J. Peotrowski, Pro Se.

Before WEISBERGER, C.J., and LEDERBERG, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This matter is before the court on a petition for reinstatement to the practice of law. The petitioner, William J. Peotrowski, Jr. (Peotrowski), was disbarred by order of this court on November 17, 1982. This disbarment was a result of his criminal conviction after his entry of a plea of nolo contendere to eight counts of obtaining money under false pretenses and uttering and publishing. *Carter v. Peotrowski*, 452 A.2d 632 (R.I.1982).

On September 12, 1997, petitioner filed the instant application for reinstatement in accordance with the provisions of Article III, Rule 16, of the Supreme Court Rules of Disciplinary Procedure. Pursuant to that rule, certain procedural requirements must be complied with as a precondition to this court's consideration of a reinstatement petition. These procedural requirements include payment of a $500 filing fee, the completion and submission of a reinstatement questionnaire with this court's disciplinary counsel, and attainment of a passing grade on the Multi–State Professional Responsibility Examination within thirty days prior to the filing of the reinstatement petition. Peotrowski has complied with the procedural requirements necessary for consideration of his application.[1]

Compliance with the procedural aspects of Rule 16 is only the first step in the process of reinstatement. That rule also establishes the substantive criteria that must be met by a suspended or disbarred attorney seeking restoration of the privileges of practicing law. Such an applicant also bears the burden of:

"demonstrating by clear and convincing evidence that he or she has the moral qualifications, competency and learning in law required for admission to practice law in this State and that his or her resumption of the practice of law within the State will be neither detrimental to the integrity and standing of the Bar or the administration of justice nor subversive of the public interest." Article III, Rule 16(c).

In this jurisdiction an attorney who has been disbarred from the practice of law may not apply for reinstatement for a period of at least five years from the effective date of the disbarment. (Article III, Rule 16(b)). This five-year period constitutes the minimum length of time necessary for a disbarred attorney to develop and demonstrate sufficient rehabilitation to resume the practice of law. When an attorney has engaged in repeated acts or a calculated series of acts designed to corrupt the administration of justice, the showing of present fitness may require a lengthier period of rehabilitation. *In re Romano*, 615 A.2d 476, 477 (R.I.1992).

The petitioner has an extensive history of engaging in dishonest conduct. The basis for his criminal conviction is that he fraudulently represented himself to the General Treasurer of the State of Rhode Island as the attorney for claimants of abandoned funds that had come into the state's possession, obtained those funds, and converted them to his own use. He also had settled a personal-injury claim on behalf of a client without the client's knowledge or consent, forged the client's name to a release and had the forged signature notarized, received funds on behalf of the client, and converted those funds to his own use. This conduct led to his disbarment

---

1. Peotrowski obtained his passing grade on the Multi–State Professional Responsibility Examination more than thirty days prior to the filing of his petition. He has requested a waiver of the thirty-day requirement. The waiver of this provision is granted in this application.

and to his incarceration in the Adult Correctional Institutions.

On December 18, 1987, Peotrowski made his first application for reinstatement to the practice of law. That application was referred to this court's disciplinary board (board) with the directive for the board to hold an evidentiary hearing on the petition for reinstatement and also on any pending complaints of professional misconduct. At that time there were three complaints pending before the board.

The results of those hearings are highly relevant to the present petition. The board determined that petitioner had engaged in the unlawful practice of law while disbarred, that he had misrepresented facts to the courts of this state with the intent to deceive the courts, and that he had not been truthful in his own testimony before the board. The petitioner had also used the name of a deceased person in connection with petitions filed in the courts of this state involving real estate transactions. This use of the name of a deceased person was a subterfuge perpetrated upon the courts to cloak petitioner's involvement in these transactions.

Relying upon those findings, the board made the following pertinent observation regarding petitioner: "[He] is intelligent, knowledgeable and imaginative. Regrettably, however, he is not honest." It was the recommendation of the board at that time that petitioner never be allowed to practice law again. This court accepted the factual findings made by the board and denied the reinstatement application. *Carter v. Peotrowski,* 568 A.2d 1032, 1033 (R.I.1990).

Subsequent to those proceedings, the board heard evidence of additional misconduct by petitioner regarding his conversion of life insurance proceeds properly belonging to an estate for which he served as executor and attorney. The board determined that this conduct involved dishonesty, fraud, deceit, or misrepresentation in violation of Disciplinary Rule 1–102(A)(4) of the Code of Professional Responsibility; was conduct prejudicial to the administration of justice in violation of Disciplinary Rule 1–102(A)(5); and constituted failure to deliver funds promptly to the client in violation of Disciplinary Rule 9–102(B)(4).[2] On July 10, 1992, this court entered an order that the board's decision and recommendation in that matter would be considered should Peotrowski apply for readmission to the bar.

This court's disciplinary counsel has submitted a report to the court, recommending against Peotrowski's reinstatement to the practice of law.[3] That report sets forth petitioner's prior history of misconduct and notes that petitioner practiced deceit in the information provided in support of his application. Disciplinary Counsel concluded that Peotrowski continues to exhibit the same lack of honesty that led to his prior discipline.

This court afforded Peotrowski the opportunity to appear before the court to present evidence and argument in support of his petition. On the basis of Peotrowski's presentation, this court does not hesitate to conclude that he lacks the necessary moral qualifications to be readmitted to the practice of law. In his attempt to explain his past conduct, he has made it abundantly clear that he fails to appreciate, or indeed to comprehend, the wrongfulness of those acts. In denying Peotrowski's previous application for reinstatement, we noted the following:

"It is apparent that this applicant has learned nothing from his experience and, unchanged, seeks our permission to return to the practice of law. Mindful of our duty to the public we cannot permit this." *Carter v. Peotrowski,* 568 A.2d at 1033.

■ The petitioner appears before us older but not wiser. He has failed to meet his burden of proving that he presently possess-

---

**2.** The Rules of Professional Conduct replaced the Code of Professional Responsibility effective November 15, 1988. Disciplinary proceedings instituted pursuant to the Supreme Court Rules of Professional Conduct where the alleged act or omission occurred prior to November 15, 1988, were governed by the standards set forth in the Code of Professional Responsibility.

**3.** Rule (5)(b) of Article III of the Supreme Court Rules of Disciplinary Procedure provides in pertinent part, "[Disciplinary] Counsel shall have the power and duty: * * * (4) to appear at hearings before this Court with respect to motions for reinstatement by suspended or disbarred attorneys, to cross-examine witnesses testifying in support of the motion and to marshal available evidence, if any, in opposition thereto * * *."

es the moral qualifications or fitness to be readmitted to the practice of law. Accordingly the petition for reinstatement is denied.

BOURCIER, J., did not participate.

---

David D. Curtin, Chief Disciplinary Counsel, for Petitioner.